UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| JAMES L. BROOKS AND, | ) | NO. 14-80964 |
| JUDITH A. VANCIL-BROOKS, | ) | CHAPTER 13 |
|     DEBTORS. | ) | |

## **CHAPTER 13 PLAN**

1. **Plan Payments and Confirmation:**

    (a) Debtors have completed Form 22C-Statement of Current Monthly Income. The Debtor are under the median income. The Debtors propose to pay all projected disposable monthly income for the commitment period to pay allowed unsecured claims including attorney's fees and trustee's fees.

    (b) The commitment period is 60 months.

    (c) The plan proposes payments of $300.00 per month for 60 months. The Chapter 13 Plan shall be effective the date it is confirmed. Debtors' payments will be made on a semi-monthly basis from her bank account in the sum of $150.00.

    (d) This is an estimated. 2.7% plan to unsecured creditors.

    (e) Debtor will turn over to the Trustee all federal and state tax refunds received during the life of this plan in excess of $750.00 per a debtor. Debtor will turnover copies of her federal and state tax returns while in Chapter 13 to the Trustee.

    (f) Debtors will fund his plan with their exempt social security income.

2. **Filings of Proofs of Claim:**

    (a) The Trustee shall only distribute payments, including adequate protection payments, to creditors who have actually filed proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11.U.S.C. Section 502(a). However, if a creditor does not file a timely proof of such creditor's claim, then either the Debtor(s) or the Trustee may file such a claim as provided for by 11 U.S.C. Section 501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.

    (b) The Trustee shall mail payments to the address provided on the proof of claim unless the claimant provides the Trustee with another address in writing for payments to be sent. If the claim is assigned or transferred, the Trustee shall continue to remit payments to the original claimant until a formal notice of assignment or transfer is filed with the Court.

3. **Administrative Costs:**

    (a) Attorney's Fees. The attorney for the Debtors has received $0 towards his fees. The remainder of the fee shall be paid in such priority and installments as the Trustee shall deem appropriate after approval of the attorneys fees and costs by the court. Attorneys fees can be paid prior to confirmation if an order of court is entered regarding Debtors' attorneys fees.

    (b) Trustee's Statutory Fee. The Trustee shall be entitled to reimbursement of fees and costs up to the statutory maximum allowed by law of each disbursement made by the Trustee, regardless of whether it is paid prior to or following confirmation.

4. **Pre-Confirmation Adequate Protection Payments/Lease Payments:** The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee pursuant to §1326(a)(1) to the below listed creditor(s). Secured creditors must file a proof of claim to receive payment. The Trustee shall receive the percentage fee as fixed under 28 U.S.C. §586(e) on such payments. Upon confirmation payments to secured creditors shall be paid as outlined in paragraph 6(b) below.

   | Creditor: | Lease/PMSI: | Property: | Adequate Protection Payment |
   |---|---|---|---|
   | None | | | |

5. **Priority Unsecured Claims:** All claims entitled to priority under 11 U.S.C. Section 507 and 1322 shall be paid in full in deferred cash payments, except for priority claims under Section 507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim.

   (a)   Domestic Support Obligations ("DSO"): None

   (b)   Priority claims other than DSO's, Trustee's Fees and Attorney's Fees: None

6. **Secured Claims:**

   (a)   Claims secured by Real Property:

   1.   First Midwest Bank –Debtors to pay the first mortgage arrears on 3606 8th Street Ct., East Moline, Illinois in the estimated sum of $11,330.00 to the Trustee. Debtor's regular monthly payments to resume with their June 2014 payment, and be paid by Debtors as direct disbursing agent to First Midwest Bank outside their plan.

   (b)   Claims secured by Personal Property: None

7. **General Unsecured Claims:** The plan proposes payment of a monthly payment for a set term of months, the estimated dividend to general unsecured creditors is 2.7%. General unsecured creditors shall be paid on a pro-rata basis with payments to commence after the payment of all secured and priority unsecured claims in full.

8. **Executory Contracts and Leases:**

   **1. Debtors to assume and pay their burial insurance policy outside their plan directly to Forethought Life Insurance Company.**

   **2. Debtors are rejecting their cellular phone contracts with Verizon.**

9. **Direct Payments to Creditor(s) other than Real Property Secured Creditors: Debtors to pay Forethought Life Insurance Company.**

10. **Miscellaneous Provisions:**

    (a)   Property of Estate. On confirmation property of the Debtor remains in the estate and remains in possession of the Debtor, pursuant to 11 U.S.C. Section 1306. Property of the estate includes all property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the Debtor after confirmation of the case, but before the case is closed, dismissed, or likewise converted to another chapter.

    (b)       Application and Accounting for Mortgage Payments.

            1.       Post-Petition Mortgage Payments.  Payments received by holders and/or servicers of mortgage claims for ongoing post-petition installment payments shall be applied and credited to the Debtor(s) mortgage account as if the account were current and no pre-petition default existed on the petition date in the order of priority specified in the note and security agreement and applicable nonbankruptcy law.  Post-petition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

            2.       Pre-Petition Arrearages.  Payments disbursed by the Trustee to holders and/or servicers of mortgage claims shall be applied and credited only to the pre-petition arrearages necessary to cure the default, which shall consist of amounts listed on the allowed proof of claim and authorized by the note and security agreement and applicable nonbankruptcy law.

            3.       Post Confirmation Monthly Mortgage Statements and Annual Escrow Analysis Statements required under RESPA shall be provided to Debtor(s), and the providing of this information shall not be considered a violation of the automatic stay.

(c)       Post-Petition Claims.  Post-petition claims shall not be paid until and unless Debtor(s) first amends the plan to address and fund such claims.

(d)       Lifting of Automatic Stay.  Distribution to secured creditors who obtain relief from the automatic stay will terminate on entry of such order lifting the stay, notwithstanding any other term of this plan to the contrary, except to the extent an unsecured deficiency claim is filed, which will be paid as a general unsecured claim.

(e)       Lien Avoidance.  Any lien which may be avoided pursuant to 11 U.S.C. 522(f) shall be avoided by a separate motion to the benefit of Debtor(s) to the extent permitted by Iowa law.  The holders of all other secured claims shall retain the lien securing such claim until the amount for which the claim is allowed is paid in full.

(f)       Waiver of Claim for amount due less than $15.00.  Any creditor who files a claim under this plan that shall receive less than $15.00 for its claim, shall waive the balance due.

(g)      Debtor(s) shall deliver on an annual basis to the Trustee on filing a copy of Federal and State income tax returns for all subsequent tax years after the filing of the Chapter 13 petition, or if not required to file a federal or state income tax return, a letter to the trustee each year advising the trustee that he did not have to file a federal or state tax return.

(h)       Title to Secured Property.  All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt as determined under non-bankruptcy law or discharge under 11 U.S.C. Section 1328.

(i)       All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

(j)       If a claim is listed in the plan as secured and the creditor files a claims as an unsecured creditor, the claim shall be treated as an unsecured claim for all purposes under this plan.

| | |
|---|---|
| DATED: May 23, 2014 | ATTORNEY FOR DEBTOR(S): |
| /s/James L. Brooks | /s/Joel A. Deutsch |
| James L. Brooks | Joel A. Deutsch, #00623059 |
| | Deutsch & Deutsch |
| | 1825 3rd Avenue |
| /s/Judith A. Vancil-Brooks | Rock Island, IL  61201 |
| Judith A. Vancil-Brooks | Telephone: 309-788-9541 |
| | Facsimile:  309-794-1195 |